

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| VICKI LYNN STREET, | ) | ED104044 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| v. | ) | 09BB-CC00135 |
| | ) | |
| EDWARD HARRIS & MARY LOU | ) | Honorable Wesley C. Dalton |
| HARRIS, | ) | |
| | ) | |
| Appellant. | ) | Filed: December 6, 2016 |

## Introduction

Vicki Lynn Street (Appellant) appeals the trial court's summary judgment in favor of Edward and Mary Lou Harris (Respondents) on Appellant's suit for premises liability and negligence stemming from an incident in which Respondents' dog knocked Appellant over, causing injuries. Because we find that Respondents' motion failed to meet Respondents' initial burden to show a prima facie right to judgment, we reverse.

## Background

Respondents hired Appellant to perform housecleaning services. On March 24, 2008, Appellant came to Respondents' house to clean while they were away. Appellant entered the house through the back door, using a key provided by Respondents. Respondents had left their dog in the backyard. The backyard was fenced in, but the dog

was not restrained within the backyard and could access the back door and the deck outside the back door, as well as a patio just outside the lower level of the house, which was located at the bottom of the stairs from the deck. After going inside, at some point Appellant came out onto the patio. The dog, who was on the deck, ran down the stairs onto the patio, and ran into or jumped onto Appellant. Appellant fell, twisting and breaking her ankle, and sustaining other injuries.

Appellant filed a petition against Respondents containing claims of premises liability and negligence for failing to restrain their dog or to warn Appellant of the danger presented by the dog. Respondents filed a motion for summary judgment, which the trial court granted, concluding that there was no evidence that this injury was foreseeable. This appeal follows.

## Standard of Review

Our review of a trial court's summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate "where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." Id. (citing Mo. R. Civ. P. 74.04 (1990)).

## Discussion

Appellant raises four points on appeal, but one argument is dispositive, so we limit our discussion to that issue. Appellant argues that the trial court erred in granting summary judgment in favor of Respondents due to the existence of a material fact dispute; namely, whether the dog had knocked someone over prior to Appellant's injury, thus providing evidence of foreseeability. We agree.

2

As a threshold matter, we must determine the scope of the summary judgment record for review. Appellant here failed to timely respond to Respondents' summary judgment motion. Appellant's response was due on November 28, 2014. On December 2, 2014, Appellant filed a request for additional time to file the response and then filed her response on January 12, 2015. The trial court did not rule on Appellant's request. According to Rule 44.01(b), when a party requests an extension after the expiration of a filing period, a trial court may grant it "where the failure to act was the result of excusable neglect." Appellant failed to offer any such showing, and the court made no such finding. See Inman v. St. Paul Fire & Marine Ins. Co., 347 S.W.3d 569, 576 (Mo. App. S.D. 2011) (citing Allison v. Tyson, 123 S.W.3d 196, 204-05 (Mo. App. W.D. 2003)); see also Williams v. Bruce, 475 S.W.2d 625, 627-28 (Mo. App. 1971) (dismissing appeal due to appellant's failure to file transcript within time limit where motion for extension filed after expiration of time but no reason for tardiness given and no finding of excusable neglect made). Thus, Appellant's response, whether or not considered by the trial court, is not properly part of the summary judgment record.

Respondents argue this requires us to affirm the trial court's summary judgment because Appellant's failure to properly respond resulted in admission of the facts set forth in Respondents' motion, under Rule 74.04(c)(2). See Jordan v. Peet, 409 S.W.3d 553, 558 (Mo. App. W.D. 2013). Respondent argues this includes the following fact: "Prior to March 24, 2008, [the dog] had never run at, charged, knocked anyone down, or injured anyone." Thus, Respondents argue, Appellant has failed to preserve any dispute regarding this fact. See Butler v. Tippee Canoe Club, 943 S.W.2d 323, 325 (Mo. App. E.D. 1997). While we acknowledge the foregoing authority, we find this case presents a different issue;

3

namely, the threshold issue of a movant's prima facie showing of entitlement to summary judgment.

The circumstance here is unusual, in that two of the exhibits attached to Respondents' motion for summary judgment offer differing accounts regarding whether the dog had ever knocked anyone down. In support of the statement that the dog had not done so before this incident, Respondents attached their affidavit to that effect. However, as support for other facts in their motion, Respondents included portions of a deposition of Appellant. In this deposition, Appellant testified that Respondent Mary Lou Harris came to see Appellant after her injury and told her that the dog had knocked someone down before. This presents the question whether, by having both exhibits attached with contrary statements regarding this fact, Respondents established that they were entitled to judgment as a matter of law. Put another way, does the failure of Appellant to respond, constituting an admission of Respondents' statement of uncontroverted facts, require us to overlook the inconsistency in the exhibits attached to Respondents' motion? We conclude the answer is no, because Respondents bear the initial burden of establishing a right to judgment as a matter of law based on the record before the court.

The Missouri Supreme Court, in ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation, explained the burden a movant for summary judgment bears under Rule 74.04. 854 S.W.2d at 382. The movant must show first that there is no genuine dispute about the material facts, and the movant must support this showing "with specific references to the pleadings, discovery, exhibits or affidavits[.]" Rule 74.04(c)(1); see also ITT Commercial Fin. Corp., 854 S.W.2d at 380 (citing prior version of Rule 74.04). This, along with the second showing, "the undisputed right to

4

judgment as a matter of law," constitutes a prima facie showing of entitlement to summary judgment. ITT Commercial Fin. Corp., 854 S.W.2d at 380.

Regarding whether a genuine factual dispute exists, trial courts must view the record "in the light most favorable to the non-movant[, which] means that the movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing." Id. at 382 (internal quotation omitted). Thus, an inconsistency in the submitted record as to a material fact defeats summary judgment. Even where a non-movant fails to respond, the motion and supporting evidence must still on its own establish a right to judgment before the trial court may appropriately enter summary judgment. Bank of Am., N.A. v. Reynolds, 348 S.W.3d 858, 860 (Mo. App. W.D. 2011) (citing E.O. Dorsch Elec. Co. v. Plaza Constr. Co., 413 S.W.2d 167, 170 (Mo. 1967)). The ITT court noted that "the phrase 'all facts that are not contradicted are taken as true'[1] means . . . that the movant must establish that the material facts are not in genuine dispute; *materials submitted by the movant that are, themselves, inconsistent* on the material facts defeat the movant's prima facie showing." 854 S.W.2d at 382 (emphasis added).

---

[1] We note this statement does not appear in the current version of Rule 74.04; however, the rule contains a substantially similar statement: "A response that does not comply with this Rule 74.04(c)(2) [requiring support for denials of statements of fact] with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." Respondents argue this language requires we accept as true the statement from their motion that the dog had never knocked anyone down, but we find ITT directs us otherwise. We acknowledge that under Rule 74.04, non-movants may lose the opportunity to show the existence of a fact dispute if they fail to properly file and support a response to the summary judgment motion. However, this assumes that the movant's motion on its own is lacking in disputed facts. We find no authority for the proposition that we are to accept only the statement of fact in the motion when there is conflicting evidence attached to the motion showing that such fact is actually disputed. This would relieve a movant of his or her initial burden to show a right to judgment as a matter of law, and we do not see this authorized by the rule or by precedent.

5

Here, the materials Respondents submitted in support of their motion for summary judgment are inconsistent, and therefore they could not make a prima facie showing that they were entitled to summary judgment. Such a showing must be made before a non-movant is required to respond and show the existence of disputed facts. See id. at 381 ("When, and only when, the movant has made the prima facie showing," non-movant has burden to respond[2]). Accordingly, the movant's prima facie showing must be made before a non-movant is at risk of foregoing the opportunity to dispute a fact by failing to respond. Thus, despite the fact that no response from Appellant was properly part of the summary judgment record here, the record did not establish the absence of a genuine dispute regarding material facts, and summary judgment was improper.

Respondents argue in the alternative that this fact was immaterial, because even if the dog had knocked someone down before, there was no evidence this caused any injury, and thus there was still no way Respondents could have foreseen that the dog would cause injury.[3] However, whether facts exist that may in turn give rise to a finding of foreseeability is a question for the factfinder. E.g., Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 157 n.1 (Mo. banc 2000). Thus, the disputed fact at issue was material, and summary judgment was inappropriate.

---

[2] We note the Missouri Supreme Court specifically discusses an older version of Rule 74.04 in this section with slightly different wording; however, Missouri courts continue to apply the same burdens regarding summary judgment. See, e.g., Williams v. Hubbard, 455 S.W.3d 426, 435 (Mo. banc 2015) ("[u]ntil [movants] meet their burden . . . [non-movant] does not have to show anything").

[3] We also note Respondents' argument that the record fails to show whether Respondent Mary Lou Harris was referring to an incident that took place before or after Appellant's injury. However, we must view the record in the light most favorable to the non-movant and grant the non-movant the benefit of reasonable inferences from the record. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 382 (Mo. banc 1993).

6

## Conclusion

Respondents were unable to meet their burden to establish a prima facie showing of entitlement to judgment as a matter of law, in that the summary judgment record contained evidence of a material fact dispute. Thus, summary judgment was inappropriate. We reverse and remand to the trial court for proceedings consistent with this opinion.

 

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs in separate opinion.

7



# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| VICKI LYNN STREET, | ) | ED104044 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| v. | ) | 09BB-CC00135 |
| | ) | |
| EDWARD HARRIS & MARY LOU | ) | Honorable Wesley C. Dalton |
| HARRIS, | ) | |
| | ) | |
| Respondents. | ) | FILED: December 6, 2016 |

I concur. The majority opinion correctly applies the law relating to the burden of both the movant and non-movant on a motion for summary judgment under Rule 74.04. I write separately to underscore the anomaly of this situation in which the non-movant fails to submit a timely response to the summary judgment, and therefore presents no evidence by affidavit or otherwise to establish the existence of any material fact, yet summary judgment fails. Here, Appellant did not controvert the statement of uncontroverted facts filed by Respondent with their motion for summary judgment, and yet we reverse the trial court's entry of summary judgment.[1] In situations as this, summary judgment likely would be entered in favor of the movant because the non-movant's failure to timely respond results in the admission of the facts set forth in the

---

[1] As the majority opinion notes, the Appellant's summary judgment pleadings were untimely filed, and are therefore not part of the summary judgment record.

movant's summary judgment motion under Rule 74.04(c)(2). See <u>Jordan v. Peet</u>, 409 S.W.3d 553, 558 (Mo. App. W.D. 2013).

But, as noted in the majority opinion, the party moving for summary judgment has the threshold burden to demonstrate its entitlement to summary judgment. <u>Bank of Am., N.A. v. Reynolds</u>, 348 S.W. 3d 858,860 (Mo. App. W.D. 2011). Here, the summary judgment evidence filed by Respondents included the complete deposition taken of Appellant. Although Respondents referenced only certain portions of Appellant's deposition in their statement of uncontroverted facts, the deposition transcript filed by Respondents as part of the summary judgment record included Appellant's testimony controverting Respondents' own statement of uncontroverted facts, i.e., deposition testimony relevant to the Respondents' knowledge of their dog's propensity for knocking someone down. Respondents did not cite or otherwise refer to this portion of the deposition testimony in their statement of uncontroverted facts or other summary judgment pleadings. Respondents nevertheless controverted their own statement of uncontroverted facts when they included this deposition testimony in the record, and in doing so, Respondents failed to establish their right to summary judgment.

Appellant did not bring the deposition testimony at issue on appeal to the attention of the trial court. Mindful of a trial court's role in an adversarial proceeding, a trial court is not required to independently review portions of the deposition not cited or otherwise referenced by the parties in the summary judgment proceedings. Nor should it. To do so places the trial court in the role of advocate. However, given our *de novo* standard of review of summary judgment, this Court reviewed the deposition testimony cited by Appellant on appeal, and properly concluded that such testimony precludes the entry of summary judgment.

For that reason, I concur with the majority opinion to reverse the entry of summary judgment.

_____
Kurt S. Odenwald, Judge