

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| MARCIA GREEN, | ) | |
| | ) | |
| Respondent, | ) | **WD82344** |
| v. | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 29, 2019** |
| MEHRDAD FOTOOHIGHIAM, | ) | |
| | ) | |
| Appellant. | ) | |

### Appeal from the Circuit Court of Boone County, Missouri
### The Honorable Robert L. Koffman, Judge

### Before Special Division: Karen King Mitchell, Chief Judge, and
### Victor C. Howard and Anthony Rex Gabbert, Judges

Mehrdad Fotoohighiam[1] appeals from the judgment of the Circuit Court of Boone County

granting partial summary judgment to Marcia Green on her claim of conspiracy to set fire to her

mobile home. On appeal, Mehrdad raises two points. First, he argues that the motion court erred

in granting summary judgment because (1) deposition testimony Marcia filed with her motion

controverted material facts on which summary judgment was based and (2) testimony about two

conflicting conspiracy theories negated both theories. Second, Mehrdad claims that the motion

---

[1] In their briefs, the parties use their first names for ease of reading. We adopt the same practice here, but, in doing so, we mean no disrespect.

court erred in denying his motion for new trial for the same reasons.  Because there is no genuine issue of material fact and Marcia is entitled to judgment as a matter of law, we affirm.

**Background**[2]

On July 6, 2015, Marcia sued Mehrdad and several alleged co-conspirators, claiming that Mehrdad had conspired to set her mobile home on fire, causing Marcia serious bodily and emotional injury and property damage.[3]  On August 18, 2017, following discovery, Marcia moved for partial summary judgment against Mehrdad.[4]  In support of her motion, Marcia filed a statement of uncontroverted material facts, wherein she stated that (1) Mehrdad owns a mobile home on a lot immediately adjacent to Marcia's lot; (2) James Hall and Scotty Christopher performed work on Mehrdad's property in the fall of 2014; (3) Mehrdad offered Hall and Christopher $500 to set fire to Marcia's mobile home; (4) Mehrdad told Louis Spano that Mehrdad hired Hall and David Reed to burn down Marcia's mobile home; and (5) Mehrdad paid Hall $500 to set fire to Marcia's mobile home.  For each of these statements, Marcia cited to deposition testimony that she filed with her motion.  Exhibit C to Marcia's motion contained portions of Mehrdad's deposition wherein he testified:

Q.      Have you ever met James Hall before?

A.      Yes.

Q.      Tell me when you first met James Hall?

A.      I take the 5th.

Q.      Have you ever met David Reed?

---

[2] On appeal from summary judgment, we review the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

[3] In addition to Mehrdad, Marcia originally sued James Hall, David Reed, Electenergy Technologies, Inc., and ETI, L.L.C.; Mehrdad is the president of both entities.

[4] Marcia initially filed for partial summary judgment against Mehrdad on October 7, 2016, but that motion was denied because she failed to provide the court with the deposition testimony on which her motion relied.

A.     No.

Q.     Have you ever met Scotty Christopher?

A.     Nope.

Marcia did not cite to the quoted portion of Mehrdad's testimony or otherwise reference his denials regarding Reed and Christopher in support of her motion.

Mehrdad failed to file a timely response to Marcia's motion, but he later filed a motion for leave to file a response out of time, which was denied.[5]  The motion court sustained Marcia's motion, granting her partial summary judgment with respect to liability.  In its partial summary judgment, the court recited the following based on Marcia's statement of uncontroverted material facts: "[Mehrdad] admitted to a Mr. Louis Spano that [Mehrdad] paid a Mr. Reed and defendant Hall to burn [Marcia's] trailer.  Mr. Scotty Christopher stated that [Mehrdad] offered defendant Hall and himself $500 to set [Marcia's] mobile home on fire.  [Mehrdad] actually paid Mr. Christopher $500 to set [Marcia's] mobile home on fire."[6]  The court then stated:

> [Mehrdad] does not deny any of these facts; he merely claims that deposition testimony cannot be used to support them.  The Court determines that deposition testimony may be used in support of facts alleged sufficient to allow for summary judgment.
>
> The Court also considers the failure to answer deposition questions by [Mehrdad] on the grounds that to do so would violate his right to remain silent under the 5th Amendment to the United States Constitution and assumes that the answers are adverse to him.[7]

---

[5] Ironically, in the response to Marcia's motion that Mehrdad attempted to file out of time, he admits Christopher worked for him.

[6] The motion court's reference to Mehrdad paying Christopher $500 is an error.  Marcia's statement of uncontroverted material facts states that Mehrdad paid Hall, not Christopher, $500 to burn down Marcia's mobile home.

[7] "[A] trial judge may draw an adverse inference from a litigant's assertion of the Fifth Amendment privilege in a civil case." *State v. Spilton*, 315 S.W.3d 350, 356 n.8 (Mo. banc 2010).  "Civil defendants who choose to assert their Fifth Amendment privilege take the risk that there will be nothing to support [their] view of the case and a . . . grant of summary judgment will be proper." *Id.* at 356 (internal citation omitted).  For the reasons articulated *infra*, we need not determine whether such a negative inference is warranted in this case in order to resolve the issues Mehrdad raises on appeal.

The evidence presented has not been denied as required under Supreme Court Rule 74.04(c)(1). The undenied facts are that [Mehrdad] paid others in a conspiracy to burn down the dwelling of the plaintiff. Those co-conspirators did burn that dwelling down causing [Marcia] damage. There is no contravention of these ultimate issues. They are found to be true. [Marcia] is therefore entitled to judgment as a matter of law.

The issue of damages was tried to a jury as to Mehrdad only, as all other defendants had been dismissed, and judgment was entered in Marcia's favor in the amount of $250,000 in actual damages and $2,500,000 in punitive damages. Mehrdad filed a motion for new trial or judgment notwithstanding the verdict and an alternative motion for remittitur, which were both denied. Mehrdad appeals.

**Standard of Review**

Whether the motion court properly entered summary judgment "is purely an issue of law which th[e c]ourt reviews *de novo*." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 664 (Mo. banc 2009) (citing *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). Under the *de novo* standard of review, appellate courts use the same decision criteria as the lower courts. *Id*. Thus, we will affirm summary judgment if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* at 382. "A 'genuine issue' is a dispute that is real, not merely argumentative, imaginary or frivolous." *Id.* "Where the 'genuine issues' raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper." *Id.*

**Analysis**

Mehrdad raises two points on appeal. First, he argues that the motion court erred in granting partial summary judgment because (1) deposition testimony Marcia filed with her motion

4

controverted material facts on which summary judgment was based and (2) testimony about two conflicting conspiracy theories negated both theories.[8] Second, he claims that the motion court erred in denying his motion for new trial for the same reasons.

To support his first point, Mehrdad cites excerpts of deposition testimony that were *attached* to Marcia's statement of uncontroverted material facts, but which were not *cited* in her statement or in Mehrdad's response because he did not file one. Thus, we must determine what, if any, legal consequences flow from Mehrdad's reliance on the uncited deposition testimony.

Under Rule 74.04,[9] which governs summary judgment practice, and the holding in *ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation*, 854 S.W.2d 371, 381 (Mo. banc 1993), a "claimant" moving for summary judgment must first "establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial." To that end, Rule 74.04 requires the moving party to file a statement of the undisputed material facts that establish the movant's right to judgment as a matter of law. Rule 74.04(c)(1) provides:

> A statement of uncontroverted material facts shall be attached to [every] motion [for summary judgment]. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.
>
> . . . . .
>
> Attached to the statement shall be a copy of all discovery, exhibits or affidavits on which the motion relies.

The movant must then show that she is entitled to judgment as a matter of law by establishing that

[8] Point I presents two stand-alone allegations of error which should have been set forth in two separate points on appeal. "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *State v. Prewitt*, 575 S.W.3d 701, 702 n.2 (Mo. App. W.D. 2019) (quoting *Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 n.6 (Mo. banc 2018)). However, because we prefer to resolve cases on the merits where an appellant's argument is readily understandable, we exercise our discretion to review the merits of Mehrdad's claims.

[9] All rule references are to the Missouri Supreme Court Rules (2016), unless otherwise noted.

the uncontroverted material facts establish every element of the cause(s) of action for which she seeks summary judgment. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

Once the movant makes a *prima facie* showing that there is no genuine dispute of material fact and she is entitled to judgment as a matter of law, the burden shifts to the non-movant. *Id.* Once the burden shifts, the non-movant may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 74.04, must set forth specific facts showing that there is a genuine issue for trial. *Id.* Rule 74.04(c)(2) requires a party responding to a motion for summary judgment to serve a response admitting or denying each of the movant's factual statements. In pertinent part, Rule 74.04(c)(2) provides:

> The response [to a motion for summary judgment] shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny [the] movant's factual statements.
>
> A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits, or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.
>
> . . . . .
>
> A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.

Here, according to Marcia's statement of uncontroverted material facts, (1) Mehrdad offered Hall and Christopher $500 to set Marcia's mobile home on fire; (2) Mehrdad told Louis Spano that Mehrdad hired Hall and David Reed to burn down Marcia's mobile home; and (3) Mehrdad paid Hall $500 to set fire to Marcia's mobile home. As required by Rule 74.04(c)(1), each of these assertions made "specific references to the pleadings, discovery, exhibits or affidavits," and those materials were attached to Marcia's statement.

6

Mehrdad failed to timely respond to Marcia's motion; he later filed a motion for leave to respond out of time, but that motion was denied. Mehrdad's failure to respond to Marcia's statement of uncontroverted material facts as required by Rule 74.04(c)(2) is an admission of the truth of those facts. Thus, the motion court was correct to conclude that Mehrdad admitted each and every fact recited in Marcia's motion, including the fact that he hired Hall to set fire to Marcia's mobile home. As such, Mehrdad failed to properly demonstrate any genuine issue as to facts recited in Marcia's motion.

As the Southern District of this court has explained, "[f]acts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016) (emphasis in original). "Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record." *Id.* (emphasis in original). "Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record*." *Id.* (emphasis in original). Essentially, "summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*." *Id.* (quoting *Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 62 (Mo. App. S.D. 2016) (emphasis in original)).

> Courts cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates. Rule 74.04(c) aims at benefiting trial and appellate courts to expedite the disposition of cases; noncompliance with these requirements is not a matter subject to waiver by a party.

*Lackey*, 487 S.W.3d at 62 (internal citations and quotations omitted); *see also Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 834-36 (Mo. App. S.D. 2016) (refusing to consider

appellant's citation to summary judgment exhibits "completely untethered from any particular numbered paragraph material fact in the summary judgment record"; holding instead that appellate review requires the Court to "[c]ompar[e] the movant's specifically referenced evidence in a particular numbered paragraph material fact to the specifically referenced evidence in the non-movant's denial of that particular material fact . . . .").

Because the evidentiary materials attached to a summary judgment motion or response generally play only a "secondary role" in summary judgment practice, "and then only as cited to support Rule 74.04(c) numbered paragraphs or responses," *Jones*, 508 S.W.3d at 161, Mehrdad cannot rely on uncited portions of his deposition testimony attached to Marcia's motion to identify a controverted material fact. Under Rule 74.04(c)(1) and (2), Mehrdad was required to identify those portions of his deposition testimony in his response to Marcia's motion; he was not entitled to assert these additional facts for the first time on appeal.

Mehrdad contends, however, that *Street v. Harris*, 505 S.W.3d 414 (Mo. App. E.D. 2016), dictates a different outcome here. In *Street*, in reversing the grant of summary judgment, the Eastern District of this court relied on portions of attachments to a movant's summary judgment motion, although those portions had not been referenced in support of movant's numbered statements of alleged uncontroverted fact. *Id*. at 416. In *Street*, unlike here, the portions of the attachment not referenced or relied upon by the movant established fundamental defects in their *prima facie* showing of a right to judgment. *Id.* at 417. *Street* involved tort claims brought by a cleaning person who was attacked by the homeowners' dog. *Id.* at 415. The homeowners moved for summary judgment, and included in support thereof a statement of alleged uncontroverted fact that, prior to the date of the attack, the dog "had never run at, charged, knocked anyone down, or injured anyone." *Id.* at 416. The plaintiff did not timely respond to the homeowners' motion, but

8

portions of "two of the exhibits attached to [the homeowners'] motion for summary judgment offer[ed] differing accounts regarding whether the dog had ever knocked anyone down." *Id.* The court recognized that, generally, the non-movant's failure to respond to a properly supported factual statement is deemed an admission of the facts alleged. *Id.* But the court found that "this case presents a different issue; namely, the threshold issue of a movant's prima facie showing of entitlement to summary judgment." *Id.* Thus, the court concluded that summary judgment was improperly granted to homeowners, because portions of "the materials [they] submitted in support of their motion for summary judgment" although not relied upon by the movant "are inconsistent, and therefore they could not make a prima facie showing that they were entitled to summary judgment." *Id.* at 417.

Here, we need not address whether the legal reasoning underpinning the *Street* decision is sound, because even if we were to conclude that, on appeal, we may consider portions of attachments to the summary judgment motion that were not relied upon by either party—a finding we do not make—this case does not involve similar defects in Marcia's *prima facie* showing. Mehrdad's citation to portions of his deposition transcript, attached to the summary judgment motion but not relied upon by either party, does not establish an *inconsistency* as to any of the material facts alleged by Marcia; instead, Mehrdad seeks to rely on the previously uncited material to establish *additional facts*, which he contends allow him to avoid the legal effect of the facts established by Marcia by creating a genuine factual issue for trial.

"To demonstrate a civil conspiracy[, a plaintiff] must show: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [plaintiff] was thereby damaged." *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012). Here, the uncontroverted material facts

9

establish that Mehrdad and Hall (element 1), agreed to burn down Marcia's mobile home (elements 2 and 3), Mehrdad hired Hall to burn down Marcia's home (element 4),[10] and Marcia suffered damages (element 5). Accordingly, the motion court was justified in finding a conspiracy between Mehrdad and Hall even if there was conflicting evidence as to who else may have participated.

Mehrdad makes several arguments as to why the motion court erred in awarding summary judgment to Marcia. We find his arguments unavailing. He begins by asserting that his denials regarding Reed and Christopher controverted material facts in Marcia's statement of uncontroverted facts and, thus, negated her entitlement to summary judgment. However, Mehrdad's deposition testimony regarding Reed and Christopher is not in direct conflict with Marcia's alleged uncontroverted facts because it does not demonstrate that Mehrdad did not conspire with another person (Hall) who then set fire to the mobile home. The fact that Mehrdad may not have met Reed or Christopher does not undercut the undisputed material fact that Mehrdad conspired with Hall to burn down the home. Moreover, Mehrdad need not have *met* Reed or Christopher in person to have hired them or for them to be involved in a conspiracy. At most, Mehrdad's denials create a secondary or supporting fact that inferentially tends to oppose a

---

[10] Marcia's statement of uncontroverted material facts includes that Mehrdad "offered" Hall and Christopher $500 to set the mobile home on fire (paragraph 25), that Mehrdad stated that he "hired" Hall and Reed to burn down the mobile home (paragraph 28), and that Mehrdad "paid" Hall $500 to set fire to the mobile home (paragraph 31). Documents attached to the statement of uncontroverted facts support the statements in paragraphs 25 and 28. With respect to the statement in paragraph 31, no evidence was provided other than Mehrdad invoking the 5th Amendment when he was asked if he actually paid Christopher and Hall $500. In its judgment, the motion court appears to have relied on the statement that Mehrdad *paid* Hall $500 to set fire to Marcia's mobile home, but our review of the deposition testimony on which Marcia's statement relies does not necessarily support a finding that Mehrdad *paid* Hall or anyone else to burn down the mobile home. "In determining whether the motion makes [] a prima facie showing, the . . . court should consider whether the movant's specifically referenced evidentiary support actually supports the existence of each particular stated material fact giving rise to the movant's right to judgment." *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 833 n.6 (Mo. App. S.D. 2016). The testimony in this case, however, supports a finding that Mehrdad *hired* Hall (and possibly others) to set the fire. The act of hiring Hall to burn down Marcia's mobile home satisfies the fourth element of civil conspiracy—the commission of at least one act in furtherance of the conspiracy. *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. banc 2012).

10

material fact. But the undisputed material facts negate that inference by establishing Hall's involvement in the conspiracy to burn down Marcia's home.

Marcia asserted, and Mehrdad admitted, that he hired Hall to set fire to her mobile home.[11] Mehrdad admitted that he knew Hall. And Hall's involvement in the conspiracy was confirmed by Christopher in his deposition.[12] Mehrdad's only real criticism of the facts surrounding Hall's involvement in the conspiracy is that Louis Spano's confirmation of Hall's participation came in response to what Mehrdad characterizes as a "leading question" during Spano's deposition.[13] Even if the question were leading—a finding we do not make—no objection was levied at the deposition and, thus, any complaint about the question was waived. *Adams v. Adams*, 108 S.W.3d 821, 827 (Mo. App. W.D. 2003).

Next, Mehrdad contends that Marcia's assertion of two conflicting conspiracy theories— the "Mehrdad-Christopher-Hall" theory and the "Mehrdad-Reed-Hall" theory—negated both theories. But Mehrdad's argument overlooks the fact that Missouri requires only two parties for a conspiracy. The fact that one of the persons named as a conspirator may not have been a member of the conspiracy is immaterial where there is a sufficient number of participants to form a conspiracy. Thus, if Mehrdad and Hall (the common threads in both theories) were the only people involved, the motion court's finding would still be correct. Christopher and Reed are not necessary components of the court's finding of conspiracy. Further, Christopher's involvement does not conflict with, or exclude, the involvement of Reed. Both could have been involved, just one could

---

[11] Mehrdad relies in part on the motion court's reference to Mehrdad paying Christopher $500, but, as noted *supra*, that reference is in error. Marcia's statement of uncontroverted material facts states that Mehrdad paid Hall, not Christopher, $500 to burn down Marcia's mobile home.

[12] In his deposition, Christopher was asked, "So what specifically did [Mehrdad] say to you?" Christopher responded, "He wanted to burn the trailer and would pay us, that would be me and [James Hall], the 500 for burning the trailer."

[13] In his deposition, Spano was asked, "you understand what you believe happened that night when [Marcia's] trailer was burned down because Mehrdad . . . told you that he had hired James Hall and David Reed to go burn it down. True?" Spano replied, "Yeah."

11

have been involved, or neither could have been involved; the legal outcome would be the same—a finding that Mehrdad conspired with Hall to set fire to Marcia's mobile home.

Because the "disputes" raised by Mehrdad do not raise genuine issues of material fact but are merely argumentative, summary judgment was proper. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 382. Point I is denied.

In his second point, Mehrdad argues that the court erred in denying his motion for new trial. We hold that the motion court did not err in granting summary judgment against Mehrdad on the issue of liability because the undisputed material facts establish that Marcia is entitled to judgment as a matter of law. Thus, we need not address Point II which is premised on the motion court having erred in granting summary judgment. Point II is deemed moot and is hereby dismissed.

**Conclusion**

Because the undisputed facts show that Marcia is entitled to judgment as a matter of law, we affirm.

Karen King Mitchell, Chief Judge

Victor C. Howard and Anthony Rex Gabbert, Judges, concur.