

# SUPREME COURT OF MISSOURI
## en banc

MARCIA GREEN,　　　　　　　　　　)　　*Opinion issued August 11, 2020*
　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondent,　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. SC98262
　　　　　　　　　　　　　　　　　　)
MEHRDAD FOTOOHIGHIAM,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant.　　　　　　)

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
The Honorable Robert L. Koffman, Special Judge

Mehrdad Fotoohighiam appeals the circuit court's entry of partial summary judgment on the issue of liability in favor of Marcia Green.[1] Because the Rule 74.04(c) paragraphs and responses demonstrated there were no genuine issues of material fact and that Marcia was entitled to judgment as a matter of law, the circuit court did not err in entering partial summary judgment in Marcia's favor. The circuit court's judgment is affirmed.[2]

### Factual Background and Procedural History

While asleep in her mobile home, noises from outside Marcia's door woke her. Once out of bed, Marcia realized her mobile home was on fire. To escape the blaze, she broke a

---

[1] For ease of reference, the parties used their first names in briefing and in oral argument. This opinion will do the same. No disrespect or familiarity is intended.

[2] Mehrdad was represented by different counsel on appeal than during the summary judgment and trial stage.

window in her bedroom and jumped out head-first to safety. Marcia sustained several injuries, including lacerations, burns, and respiratory complications attributable to smoke and carbon monoxide inhalation. Additionally, her mobile home and all personal property inside were destroyed.

Marcia sued Mehrdad, James Hall, David Reed, Electenergy Technologies, Inc., and ETI, L.L.C.,[3] alleging Mehrdad and the other defendants conspired[4] to set her mobile home on fire, causing Marcia mental and physical harm as well as property damage. Following discovery, Marcia moved for partial summary judgment against Mehrdad on the issue of liability. Pursuant to Rule 74.04, Marcia included with her motion a statement of uncontroverted material facts containing the following allegations: (1) Mehrdad owns a mobile home adjacent to Marcia's lot; (2) Scotty Christopher and Hall performed work on Mehrdad's property; (3) Mehrdad offered Hall and Christopher $500 to set Marcia's mobile home on fire; (4) Mehrdad told a former employee, Louis Spano, that he hired Hall and Reed to set Marcia's mobile home on fire; and (5) Marcia's mobile home was actually burned down, causing her damage. Each of these allegations cited to deposition testimony or an affidavit supporting it.

Additionally, included with the documents supporting the statement of uncontroverted material facts were portions of Mehrdad's deposition testimony that were not cited or otherwise referenced by Marcia. These included the following exchange:

---

[3] Mehrdad is the president of Electenergy and ETI.
[4] Marcia's first amended petition alleged the following causes of action: (1) negligence; (2) assault; (3) battery; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) trespass; (7) malicious trespass; and (8) civil conspiracy.

2

Q:      Have you ever met James Hall before?

A:      Yes

….

Q:      Have you ever met David Reed?

A:      No.

Q:      Have you ever met Scotty Christopher?

A:      Nope.

Nevertheless, Mehrdad failed to file a response to Marcia's motion for partial summary judgment. The circuit court entered partial summary judgment as to liability in Marcia's favor. In its order, the circuit court noted Mehrdad's failure to timely respond resulted in an admission to all facts set forth in Marcia's statement of uncontroverted facts. The circuit court also relied on the fact that Mehrdad asserted his Fifth Amendment right to remain silent when asked certain questions during his deposition; therefore, it assumed any answers that would have been given would have been adverse to Mehrdad. Ultimately, the circuit court held:

> The evidence presented has not been denied as required under Supreme Court Rule 74.04 (c) (1). The undenied facts are that [Mehrdad] paid others in a conspiracy to burn down the dwelling of [Marcia]. Those co-conspirators did burn that dwelling down causing [Marcia] damage. There is no contravention of these ultimate issues. They are found to be true. [Marcia] is therefore entitled to judgment as a matter of law.

The case proceeded to a jury trial on the issue of damages only. The jury returned a verdict of $250,000 in actual damages and $2,500,000 in punitive damages. After Mehrdad's post-trial motions were overruled, he appealed, primarily arguing the circuit court erred in granting partial summary judgment regarding liability because Marcia's inclusion of his surplus deposition testimony controverted material facts on which she based her summary

3

judgment motion. The court of appeals disagreed and affirmed the circuit court's judgment.

This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10.

## Standard of Review

This Court outlined the standard of review for summary judgment in *Goerlitz v. City of Maryville*:

> The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Only genuine disputes as to material facts preclude summary judgment. A material fact in the context of summary judgment is one from which the right to judgment flows.
>
> . . . .
>
> The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion.

333 S.W.3d 450, 452-53 (Mo. banc 2011) (internal quotation marks and citations omitted). "In addition, the non-movant must support denials with specific references to discovery, exhibits, or affidavits demonstrating a genuine factual issue for trial. Rule 74.04(c)(2), (c)(4). Facts not properly supported under Rule 74.04(c)(2) or (c)(4) are deemed admitted." *Cent. Trust & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 320 (Mo. banc 2014).

4

## Analysis

Mehrdad argues the circuit court erred in granting Marcia partial summary judgment because portions of his deposition testimony attached to Marcia's statement of uncontroverted material facts created an issue of material fact that precludes Marcia from receiving partial summary judgment even though Mehrdad failed to respond to the summary judgment motion let alone cite the circuit court to this testimony in such a response.

Summary judgment practice in Missouri is governed by Rule 74.04 and this Court's decision in *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). As the movant, Marcia "must establish that there is no genuine dispute as to those material facts upon which [she] would have had the burden of persuasion at trial." *ITT*, 854 S.W.2d at 381 (internal quotation marks omitted). To accomplish this showing, the movant must attach to the motion for summary judgment a statement of uncontroverted material facts that "state[s] with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1).[5] Additionally, the movant must attach to the statement of

---

[5] The version of Rule 74.04 in effect at the time of *ITT* did not require the movant to submit a separate statement of uncontroverted material facts or to attach specific exhibits in support of the summary judgment motion. Instead, the rule provided:

> The motion shall state with particularity the grounds therefor and shall be served at least ten days before the time fixed for the hearing. Prior to the day of hearing the adverse party may serve opposing affidavits. The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 74.04(c) (1988). Rule 74.04 was amended in 1994 to require the movant's motion to "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that

uncontroverted material facts all discovery, exhibits, or affidavits that support the summary judgment motion. *Id.*

After the movant makes this submission, the non-movant is required to file a response either admitting or denying the movant's material facts. Specifically,

> The response shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements. A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies. *A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph*.

Rule 74.04(c)(2) (emphasis added).

---

demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1) (1994). In turn, the non-movant

> shall serve a response . . . admit[ting] or deny[ing] each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits.

Rule 74.04(c)(2) (1994). More importantly, the 1994 amendments made clear that the consequences of failing to timely respond to a motion for summary judgment is that the movant's statement of uncontroverted material facts is deemed admitted. *Id*. The rationale behind these amendments to Rule 74.04 was explained by the court of appeals in *Osage Water Co. v. City of Osage Beach*:

> The desirability of clearly advising opposing parties and the court of the basis for a motion for summary judgment led our Supreme Court to amend Rule 74.04 in 1994 so as to require particularity in motions for summary judgment with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to the facts upon which it is based.

58 S.W.3d 35, 44 (Mo. App. 2001). The court of appeals expanded on this explanation in *Pemiscot County Port Authority v. Rail Switching Services, Inc.*:

> A year after *ITT*, our supreme court implemented Rule 74.04(c)'s now-familiar format of numbered paragraphs and responses to assist the judge in ruling on summary judgment motions by requiring such motions to conform to a specific form that will reveal the areas of dispute.

523 S.W.3d 530, 533 (Mo. App. 2017) (internal quotation marks omitted).

6

Marcia filed her motion for partial summary judgment, statement of uncontroverted material facts, and all supporting documents in compliance with Rule 74.04(c)(1). Mehrdad did not timely respond to Marcia's motion. Mehrdad filed a motion for leave to respond out of time, which the circuit court overruled. This resulted in his admission to all of Marcia's uncontroverted material facts. Rule 74.04(c)(2). Nonetheless, Mehrdad argues a genuine issue of material fact exists because his deposition testimony that was attached, but not cited by Marcia, demonstrates he did not know two of his alleged co-conspirators; therefore, Marcia is not entitled to judgment as a matter of law. This argument is incompatible with Rule 74.04(c)(2).

The court of appeals has aptly described the summary judgment principles underlying Rule 74.04 as follows:

> [1] Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework. [2] Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record. [3] Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.* [4] [S]ummary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone.*

*Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. 2016) (emphasis in original) (internal footnotes and quotation marks omitted). Taken together, these summary judgment principles require a court to "determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment *regardless of other facts or factual disputes.*" *Pemiscot County Port Authority*, 523 S.W.3d at 534 (emphasis in original).

7

These summary judgment principles do not require the circuit court or any appellate court to sift through the entire record to identify disputed issues, which, in turn, would cause a court to impermissibly act as an advocate for a party. *Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 62 (Mo. App. 2016). Moreover, requiring a court to comb through the entire record to determine if any disputed issues of material fact existed would render the 1994 amendments to Rule 74.04 meaningless. *See supra* n.5.

Applying these principles to the case at hand, the facts on which the circuit court based its partial summary judgment were deemed admitted by Mehrdad when he failed to respond to the summary judgment motion in a timely manner. He is not permitted to rely on the uncited portions of his deposition testimony to create a genuine issue of material fact because it was not cited or otherwise referenced in any Rule 74.04(c) paragraph or response. The fact this deposition testimony was part of the *entire* record at the circuit court is of no consequence because motions for summary judgment are decided only on those facts—along with properly cited pleadings, discovery, exhibits, or affidavits—referenced in Rule 74.04(c) paragraphs and responses, *not the entire trial court record. Jones*, 508 S.W.3d at 161. Because the circuit court had no obligation to look outside discovery, exhibits, and affidavits referenced in Rule 74.04(c) paragraphs and responses, it correctly determined the uncontroverted material facts established Marcia's right to partial summary judgment on the issue of liability.

Mehrdad's argument that the circuit court and this Court must consider the uncited deposition testimony that creates a genuine issue of material fact is based solely on *Street v. Harris*, 505 S.W.3d 414 (Mo. App. 2016). In *Street*, the plaintiff brought a tort action against homeowners after the homeowners' dog jumped on her and knocked her down, causing her to

8

break her ankle. The homeowners filed a motion for summary judgment and alleged in their statement of uncontroverted material facts that "the dog had never run at, charged, knocked anyone down, or injured anyone." *Id.* at 415-16 (alterations omitted). Attached to the motion was the plaintiff's deposition that stated one of the homeowners told her the dog had knocked someone down on a prior occasion.[6] The plaintiff failed to respond and the circuit court entered summary judgment in favor of the homeowners.

The court of appeals in *Street* reversed the circuit court's entry of summary judgment even though it acknowledged the non-movant's failure to respond operates as an admission of all movant's properly pleaded facts under Rule 74.04(c)(2). Instead, that court reasoned it must look to the uncited deposition testimony because to ignore it "would relieve a movant of his or her initial burden to show a right to judgment as a matter of law, and we do not see this authorized by the rule or by precedent." *Id.* at 417 & n.1. Furthermore, that court held the plaintiff's failure to respond to the motion for summary judgment was excused because the movant must make a *prima facie* showing of entitlement to summary judgment before the non-movant has the obligation to respond.

A review of other court of appeals cases demonstrates the court of appeals has understood and correctly applied the changes to Rule 74.04, leaving *Street* as the clear outlier. For example, in *Fidelity Real Estate Co. v. Norman*, 586 S.W.3d 873, 876 (Mo. App. 2019), a landlord sued two tenants after the tenants breached a residential lease contract. The landlord filed a motion for summary judgment against the tenants individually, both of which

---

[6] Like here, the relevant portion of the plaintiff's deposition testimony was not cited or otherwise referenced by the homeowners. *Street*, 505 S.W.3d at 418 (Odenwald, J., concurring).

the circuit court sustained. On appeal, the tenants argued, pursuant to *Street*, that the circuit court erred in entering summary judgment because an exhibit attached to the landlord's motion for summary judgment contained an inconsistency that created a genuine issue of material fact.

In affirming the circuit court's judgment, the court of appeals recognized *Street*'s shortcomings, specifically noting *Street*'s reliance on *ITT*'s interpretation of an outdated version of Rule 74.04 was error.[7] But more importantly, the *Fidelity Real Estate* court compared previous versions of Rule 74.04 to the current version and reiterated "[u]nder [Rule 74.04(c)] numbered paragraphs and responses, facts come into a summary judgment record *one and only one way*—as separately numbered paragraphs and responses[.]" *Id.* at 882 (alterations and internal quotation marks omitted). That court pointed out one of the tenants

---

[7] More specifically, the court of appeals found *Street* flawed in the following ways:

> Continued reliance on the language from *ITT* that suggests a court must pore through the entire record to rule on, or review the ruling on, a motion for summary judgment ignores the purpose of the post-*ITT* amendments to Rule 74.04. As such, we believe *Street* was wrongly decided.
>
> ….
>
> In addition to the changes in Rule 74.04 since *ITT*, there are other considerations at play that suggest *Street*'s holding is erroneous. To begin, requiring either the trial or reviewing court to examine the entire record, rather than just those facts identified in the motion and response, could easily place the court in the position of an advocate insofar as the court would have to identify not only the material facts but also those that are subject to genuine dispute.
>
> ….
>
> Furthermore, allowing a non-movant to argue for the first time on appeal that the movant failed to make a prima facie case on the basis of disputed material facts that were not identified for the trial court is directly at odds with the rules that parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal, and that we will not convict a trial court of error on an issue that was not put before the trial court to decide.

*Fidelity Real Estate*, 586 S.W.3d at 883 & n.15 (internal alterations and quotation marks omitted).

10

replied to the landlord's motion for summary judgment but failed to support her denials with specific references to discovery, exhibits, or affidavits as required by Rule 74.04(c)(2). Because the tenants failed to properly respond, the *Fidelity Real Estate* court could not look to the allegedly contradictory exhibit to determine if a genuine issue of material fact existed; therefore, that court affirmed.

A similar result was reached in *Great Southern Bank v. Blue Chalk Construction, LLC*, 497 S.W.3d 825 (Mo. App. 2016). In *Blue Chalk*, Great Southern Bank ("GSB") filed suit against Blue Chalk, alleging it failed to pay the balance on various promissory notes and guaranties tied to loans. After Blue Chalk answered the petition with a general denial and 15 affirmative defenses, it also filed counterclaims mirroring GSB's original claims. GSB moved for summary judgment on all of its original claims and all of Blue Chalk's counterclaims. The circuit court entered summary judgment in GSB's favor on all claims.

On appeal, Blue Chalk argued the circuit court erred in entering summary judgment because genuine issues of material fact existed in its counterclaims and in its affirmative defenses. The *Blue Chalk* court affirmed the circuit court's entry of summary judgment, first reiterating how the record considered at the summary judgment phase is made through Rule 74.04(c) paragraphs and responses and then characterizing Blue Chalk's arguments as wholly deficient under Rule 74.04. Specifically, that court noted:

> Our review of [Blue Chalk's] points and the argument sections of their brief for those points reveals that they are totally devoid of any reference to or mention of any particular numbered paragraph material fact in the summary judgment record that they denied in their response and that they now claim is genuinely at issue. Rather, completely untethered from any particular numbered paragraph material fact in the summary judgment record or any specific reference in any such numbered paragraph as an exhibit, [Blue Chalk] generally cite[s] 96 times directly to exhibits attached to Great Southern's statement of

11

uncontroverted material facts or [its] response to that statement and five times to Great Southern's response to [Blue Chalk's] motion for partial summary judgment.

*Id.* at 834.

The *Blue Chalk* court noted "[a]rguments . . . that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this court to properly apply Rule 74.04" and that allowing courts to look outside the Rule 74.04(c) paragraphs and responses to find issues of material fact would exceed the limits of *de novo* review. *Id.* at 835. Ultimately, that court held Blue Chalk failed to demonstrate a genuine issue as to any material fact and affirmed the circuit court.

Moreover, the eastern district[8] of our court of appeals understood and correctly applied Rule 74.04 in *Peck v. Alliance General Ins. Co.*, 998 S.W.2d 71 (Mo. App. 1999). In *Peck*, Peck was injured after being removed from a sports bar by the bar's security officer. After obtaining a $400,000 consent judgment pursuant to a settlement agreement against the security officer,[9] Peck filed a petition for equitable garnishment against Alliance General Insurance Company ("Alliance"). Alliance moved for summary judgment, arguing the relevant insurance policy contained an assault and battery exclusion that excluded coverage for the incident. Peck responded to Alliance's motion and filed his own motion for summary judgment, arguing the insurance policy obligated Alliance to pay damages for bodily injury

---

[8] Keeping in mind that Missouri has a unified court of appeals, Mo. Const. art. V, § 1, the eastern district court of appeals' own decisions before and after *Street* suggest that case is an outlier. *See* p. 12-14 *infra*; *see also Fleddermann v. Casino One Corp.*, 579 S.W.3d 244 (Mo. App. 2019) (applying the summary judgment principles set forth in *Jones*, *Pemiscot County Port Authority*, and *Lackey*).
[9] Peck also obtained a $400,000 default judgment against the bar.

and that the assault and battery exclusion did not apply because his underlying lawsuit was premised on a theory of negligence.

Peck's motion for summary judgment set forth all facts surrounding his injuries sustained on the night of the incident. Specifically, Peck asserted he was injured as a result of falling outside the bar after he was released by the security person. Peck did not allege his injuries resulted from being pushed, thrown, or shoved by the security person. All of Peck's allegations were supported by his affidavit, the security person's deposition testimony, and one other bar employee's deposition testimony.

In its response, Alliance denied Peck's injuries were "personal injury" as defined by the policy and averred that Peck's injuries were excluded from coverage by the assault and battery exclusion. However, Alliance neither explained its denials, set forth any material fact in dispute, nor made any reference to pleadings, discovery, or affidavits. Instead, Alliance challenged Peck's affidavit and asserted that the deposition testimony Peck relied on was incomplete. The circuit court entered summary judgment in Peck's favor and overruled Alliance's motion.

On appeal, the court of appeals affirmed, initially noting Alliance failed to file a response in compliance with Rule 74.04(c) because Alliance failed to explain the reason for its denials and failed to make references to the record that showed the existence of a genuine issue of material fact. Therefore, all of Peck's factual assertions were taken as true. Furthermore, that court rejected Alliance's argument that summary judgment was inappropriate because uncited portions of Peck's deposition, as well as uncited portions of Peck's petition in a separate lawsuit against the security officer, signaled Peck had actually

13

been assaulted or battered. The *Peck* court reasoned Alliance's failure to refer to Peck's deposition or petition in its response to Peck's motion for summary judgment precluded both documents from being part of the record relevant at the summary judgment phase which, in turn, prevented that court from considering them on appeal.

Nevertheless, Alliance referenced Peck's deposition in its legal memorandum filed with its response to Peck's summary judgment motion. The *Peck* court determined these references, standing alone, did not allow it to consider Peck's deposition when reviewing the entry of summary judgment, holding:

> [W]e cannot consider these references [to Peck's deposition] because Rule 74.04(c) is clear that references to the record must appear in the response. The incorporation by reference to a memorandum of law does not satisfy the requirement of a properly drafted response to the motion for summary judgment. A court may properly refuse to consider documents filed in opposition to a motion for summary judgment which have not been identified in a response which complies with Rule 74.04(c)(2), but are described only in a memorandum filed in opposition to the motion.

*Id.* at 75-76 (internal citations omitted).

*Fidelity Real Estate*, *Blue Chalk*, and *Peck* demonstrate the improprieties in *Street* and in Mehrdad's position before this Court. These cases and others make clear any court— whether it be the circuit court addressing summary judgment in the first instance or an appellate court reviewing an entry of summary judgment—need only consult what was properly put before it by way of Rule 74.04(c) paragraphs and responses. For the foregoing reasons, *Street* is overruled to the extent it is inconsistent with this opinion and Rule 74.04.

Additionally, Mehrdad argues the circuit court erred in overruling his motion for new trial because there was conflicting evidence as to liability; therefore, a new trial should be granted to alleviate any possible prejudice. Because this argument is based on the circuit

14

court's alleged error in entering partial summary judgment in Marcia's favor, it is denied given this Court's holding that the circuit court did not so err.

## Conclusion

The circuit court did not err in entering summary judgment on the issue of liability in Marcia's favor. The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge

All concur.