**David J. ANDERSON, Respondent,**

v.

**Michelle Brickey ANDERSON,
Appellant.**

**No. ED 75455.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 9, 1999.

Gary M. Siegel, Clayton, for appellant.

Lawrence G. Gillespie, Bruce F. Hilton, Kirkwood, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Mother, Michelle Brickey Anderson, appeals from the judgment of the trial court modifying a decree of dissolution of her marriage to father, David J. Anderson. We affirm in part and reverse in part and remand.

The decree of dissolution of the parties' marriage, entered in January 1991, awarded mother primary custody of the parties' three children, a son and two daughters. All three children had behavioral and/or developmental problems. In July 1997, mother filed a motion to modify, seeking a change in the physical custody of son to father. Father filed a cross-motion to modify, requesting a transfer of the physical custody of all three children. The parties eventually agreed that custody of daughters would remain with mother and custody of son would transfer to father. They proceeded to trial on other unresolved issues, including child support and attorney's fees.

At the hearing on the motion to modify, mother testified that she had accepted a full time teaching position for the upcoming school year and would therefore incur increased child care expenses. She stated that she would need in-home child care and transportation to school for daughters before and, occasionally, after school. She estimated that she would need this service eight to ten hours per week at a cost of $10.00 per hour. Her annual salary was $22,222.00. Father testified that he had earned about $370,000.00 in 1996 and about $430,000.00 in 1997.

The trial court entered its judgment modifying the decree of dissolution. The court rejected the Form 14 submitted by each party and prepared its own. The trial court, however, did not include any amount for reasonable work-related child care costs on the Form 14. The trial court made the following order: "Upon submission from [mother] to [father] of evidence/proof of daycare expenses, [father] shall reimburse [mother] for said expenses, up to $50.00 per month. Expenses exceeding $50.00 per month shall be paid by [mother]." The trial court also ordered father to pay a portion of mother's attorney fees in the amount $4,076.00.

In her first point, mother contends the trial court erred in calculating the child care expenses in that the court did not include an amount for reasonable work-related child care costs in its Form 14 calculation.

Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support. Form 14 expressly provides for the allocation of the custodial parent's "reasonable work-related child care costs" in calculating the presumed child support amount. The terms of Rule 88.01 are mandatory, and courts must either award child support in conformity with the result obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate. *Watkins v. Watkins*, 839 S.W.2d 745, 748 (Mo.App. W.D.1992).

If the court finds the Form 14 calculations provided by the parties to be incorrect and rejects them, then the court has the duty to do its own correct Form 14 calculation and the failure to do so is reversible error. *Woolridge v. Woolridge*, 915 S.W.2d 372, 381 (Mo.App. W.D.1996). The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record or by articulating on the record how it calculated its Form 14 amount. *Id.* at 382. The lack of specific findings as to how the trial court calculated its Form 14

will not automatically trigger a reversal on appeal on that issue, provided the record clearly indicates how the trial court arrived at its Form 14 amount. *Id.*

Here, mother testified that she would spend $80.00 to $100.00 per week for an in-home child care provider to watch daughters and to transport them to school in the morning as well as to watch them after school when she was required to work late. The trial court expressly rejected the Form 14 submitted by each party.[1] The court prepared its own Form 14 but failed to include an amount for the monthly "reasonable work-related child care costs" in calculating the presumed child support. The trial court, however, ordered father to reimburse mother for child care expenses, up to $50.00 per month, when she submitted proof of such expenses.

The trial court's order reflects its belief that mother would incur some work-related child care expenses on a monthly basis. Yet, the court did not determine an amount for child care costs and did not include an amount on its Form 14. The trial court neither calculated child support per Form 14 nor made a finding that the amount so calculated, after consideration of all relevant factors, was unjust or inappropriate. *See, e.g., In re Marriage of Douglas,* 870 S.W.2d 466, 471 (Mo.App. S.D.1994). In addition, the court did not articulate, and the record did not clearly indicate, why the court did not determine an amount for child care costs on Form 14 or how the court arrived at the amount of child care expenses it ordered father to pay. The child support award must be reversed and the cause remanded to the trial court for a determination of mother's work related child care expenses, so that father's child support obligation can be determined in accordance with Rule 88.01 and Form 14. Mother's first point is granted.

In her second point, mother challenges the award of attorney's fees on several grounds. We have reviewed the record on appeal and find the trial court's order was supported by substantial evidence and was not against the weight of the evidence. No error of law appears. An opinion on this issue would have no precedential value. Mother's point is denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded.[2]

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.

---

1. Neither father's nor mother's Form 14 was part of the record on appeal. The failure to provide this court with copies of these forms, however, does not preclude our review in this case. Because the trial court rejected both forms and prepared its own Form 14, we are able to review the propriety of the trial court's award based on the numbers contained in the Form 14 prepared by the trial court.

2. On appeal, father filed motions to dismiss mother's appeal or, in the alternative, to strike mother's brief on the grounds that her statement of facts did not comply with Rule 84.04(c), that her points relied on did not comply with Rule 84.04(d), and that her argument did not comply with Rule 84.04(e). Father's motions are denied.