STATE ex rel. Jana Joleen KINDER, Relator,

v.

The Honorable Joseph P. DANDURAND or his Successor in Office, Respondent.

No. WD 69318.

Missouri Court of Appeals, Western District.

July 1, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2008.

Application for Transfer Denied Sept. 30, 2008.

---

Gerard Eftink, Raymore, MO, for appellant.

Jayne Anne Pearman, Overland Park, KS, for respondent.

## ORIGINAL WRIT IN PROHIBITION

PAUL M. SPINDEN, Presiding Judge.

After trial, but before a judgment was entered, in the dissolution case of *Jason Scott Kinder Jana Joleen Kinder*, Case No. 05CA–CV02312, Jana Kinder's attorney, Jayne A. Pearman, filed a motion for attorney fees, determination of attorney's lien, and judgment and execution on the attorney's lien. Pearman alleged that Kinder owed her $8910.17 in attorney fees and that the circuit court should order a lien pursuant to Section 484.130, RSMo 2000, for the services she provided to Kinder in the dissolution action. She asked the circuit court to enforce the lien against the property that the circuit court had declared in its verbal pronouncements that it was awarding to Kinder. She also filed a motion to withdraw as Kinder's attorney. The circuit court, through The Honorable Joseph P. Dandurand, judge, granted Pearman's motion to withdraw, but Judge Dandurand did not rule on her request for attorney fees and attorney's lien until 33 days after he issued an amended judgment.

Judge Dandurand entered the amended judgment dissolving the Kinders' marriage on July 26, 2007. In this judgment, Judge Dandurand ordered each party to pay his or her own attorney fees. Judge Dandurand did not address Pearman's motion for attorney fees or lien.

The next day, Judge Dandurand, after convening a hearing on Pearman's attorney fees and attorney's lien motion, took the matters under advisement. On August 28, 2007, Judge Dandurand entered a judgment granting Pearman's motion.

The judgment declared that Kinder owed $8910.17 in unpaid attorney fees to Pearman and granted Pearman a lien in that amount "on all settlements and judgments, proceeds, monies, and property, real or personal[,] material or non-material in favor of [Jana Kinder.]" The judgment also ordered Jason Kinder to pay any money that he owed Jana Kinder as a result of the circuit court's orders, except for maintenance and child support, to Pearman to satisfy the lien. Pearman had a garnishment served on Kinder on October 30, 2007.

Kinder asks this court to issue a writ prohibiting Judge Dandurand's successor [1] from enforcing the August 28, 2007, judgment because the circuit court lacked jurisdiction to enter it. We issued a preliminary writ, which we now quash.

As a preliminary matter, we address Pearman's claim that extraordinary relief is not appropriate in this case because Kinder had an opportunity to file a post-judgment motion or to appeal the judgment for attorney fees and an attorney's lien but chose not to do so. Pearman cites Rule 84.22(a), which provides that an appellate court shall not issue an original remedial writ "in any case wherein adequate relief can be afforded by an appeal[.]" Pearman contends that, because Kinder could have obtained adequate relief by filing an appeal, she is not entitled to extraordinary relief.

In her petition for extraordinary relief, Kinder asserts that the circuit court lacked jurisdiction to enter the judgment for attorney fees and an attorney's lien. A party may assert the lack of jurisdiction at any stage of the proceedings. *State ex rel. White v. Shinn*, 903 S.W.2d 194, 196 (Mo.

---

1. After entering judgment in this case, Judge Dandurand resigned from the circuit court to accept appointment to this court.

App.1995). Although Kinder chose not to appeal and the time for filing an appeal had expired, Kinder's petition to this court questioned the circuit court's jurisdiction to enter the judgment.[2] Hence, this court will review the merits of her petition for writ of prohibition. *Id.*

A writ of prohibition is appropriate " 'to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power.' " *State ex rel. Lebanon School District R–III v. Winfrey,* 183 S.W.3d 232, 234 (Mo. banc 2006) (citation omitted).

Kinder first argues that Judge Dandurand exceeded the circuit court's jurisdiction when he entered the judgment awarding Pearman attorney fees and an attorney's lien because the statute that authorizes attorney fees awards in dissolution actions, Section 452.355.1, RSMo 2000, does not authorize a judgment in favor of a lawyer against her own client. Kinder attempts to read too much into Section 452.355.1. This statute merely authorizes the circuit court in a dissolution action to order a party to pay the opposing party's attorney fees in contravention of the American rule. Concerning attorney fees, the statute should not be read as addressing any more than that.

The pertinent statute is Section 484.130, the attorney's lien statute. It says:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

The Supreme Court has applied this statute to affirm the granting of an attorney's lien in a dissolution proceeding. *Roberds v. Sweitzer,* 733 S.W.2d 444, 447 (Mo. banc 1987). In *Roberds,* the Supreme Court held that attachment of an attorney's lien to a property agreement in a dissolution proceeding was proper even though the employment contract between the attorneys and their client was a void contingent fee contract. *Id.* at 446–47. *See also Reed v. Reed,* 10 S.W.3d 173, 177 (Mo.App.1999) (attorney who obtained award favorable to client in a dissolution proceeding had valid attorney's lien which attached to the dissolution judgment). Pursuant to Section 484.130, Pearman had a valid attorney's lien for her fees, and the lien attached to the amended dissolution judgment.

Kinder relies on *State ex rel. Paige v. Goeke,* 943 S.W.2d 749, 751 (Mo.App.1997), to argue to the contrary. Indeed, this court's Eastern District held in *Paige* that Section 452.355.1 does not authorize the entry of a judgment for fees to be paid by a party to her own attorney ancillary to a dissolution proceeding and not through a separate suit. The *Paige* court suggested that the attorney would have to pursue an independent action to collect its lien—that any lien authorized by the circuit court

---

**2.** In her petition, Kinder also claims that the judgment for attorney fees and an attorney's lien violated her right to due process of law and was contrary to public policy. Because these claims do not question the court's jurisdiction and Kinder could have raised them in an appeal, we decline to address them. *See*

*State ex rel. Malan v. Huesemann,* 942 S.W.2d 424, 425 (Mo.App.1997) (writ of prohibition "is not a substitute for a direct appeal[] and will issue only where there is lack of jurisdiction and lack of an adequate remedy by appeal").

under Section 484.130 could be enforced only ancillary to a proceeding independent of the dissolution action. In reaching this conclusion, the *Paige* court did not cite or otherwise acknowledge *Roberds*. To the extent that *Paige* is contrary to the Supreme Court's decision in *Roberds*, we decline to follow it.[3]

Kinder next argues that Judge Dandurand exceeded the circuit court's jurisdiction because he entered judgment for attorney fees and an attorney's lien after the circuit court had lost jurisdiction of the case. Kinder complains that, pursuant to Rule 75.01, the circuit court retained control over the amended dissolution judgment that Judge Dandurand issued for only 30 days after its entry, but he entered the judgment for attorney fees and the attorney's lien 33 days after he entered the amended dissolution judgment.

Section 484.130 does not provide a unique remedy for enforcing an attorney's lien. *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 56 (Mo. banc 1982). Courts, therefore, permit attorneys a choice: enforce a lien either by filing an independent suit or by filing a motion in the original case. *State ex rel. Anderson v. Roehrig*, 320 Mo. 870, 8 S.W.2d 998, 1000 (Mo. banc 1928). Indeed, "when the client's action is still pending and open, the rule in Missouri is quite clear that an attorney may proceed by motion for his fee in the client's case." *Kansas City Area Transportation Authority v. 4550 Main Associates*, 893 S.W.2d 861, 867 (Mo.App. 1995). Pearman chose to enforce her lien by filing a motion in the Kinders' dissolution action after trial but before the court entered its judgment in that action.

When Judge Dandurand entered an amended dissolution judgment in the Kinders' dissolution action, the judgment did not address Pearman's motion for attorney fees and an attorney's lien. A judgment that does not dispose of all of the issues pending in an adjudication is not a final judgment. *Williams v. Williams*, 41 S.W.3d 877, 878 (Mo. banc 2001). If a judgment is not final, Rule 75.01 does not apply, and the circuit court retains jurisdiction to enter a final judgment disposing of all remaining issues. *Id.* Cf. *Bituminous Casualty Corporation v. Moore*, 64 S.W.3d 356, 358 (Mo.App.2002) (judgment not final because circuit court failed to address attorney fees issue and other rulings did not necessarily dispose of the issue).

Because it did not dispose of all of the issues pending between the parties, the July 26, 2007, amended dissolution judgment was not a final judgment. The circuit court retained jurisdiction to dispose of Pearman's motion for attorney fees and an attorney's lien. Hence, the circuit court still had jurisdiction when Judge Dandurand entered judgment for attorney fees and an attorney's lien on August 28, 2007.

We, therefore, quash our preliminary writ.

THOMAS H. NEWTON, Judge, and ALOK AHUJA, Judge, concur.

---

3. The court *en banc* has reviewed and reviewed this opinion.