

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| FIDELITY REAL ESTATE COMPANY, | ) | |
| | ) | |
| Respondent, | ) | |
| v. | ) | WD82282 |
| | ) | |
| | ) | OPINION FILED: |
| JOYCE E. NORMAN and MARSHA L. | ) | November 5, 2019 |
| EATON, | ) | |
| | ) | |
| Appellants. | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Cory L. Atkins, Judge

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Gary D. Witt and Anthony Rex Gabbert, Judges

Joyce Norman and Marsha Eaton ("Tenants")[1] appeal from the lower court's grant of

summary judgment in favor of Fidelity Real Estate Company ("Landlord") on its contract action

against Norman and Eaton arising from a prior landlord/tenant relationship. Tenants raise two

claims on appeal. First, they argue that the lower court improperly granted summary judgment

because Landlord failed to establish a prima facie case demonstrating it was entitled to judgment

as a matter of law insofar as the documents attached to its summary judgment motions were

---

[1] Per the terms of the lease, Joyce Norman was the tenant, and Marsha Eaton was the co-signer. For ease of
discussion, we will refer to them collectively as Tenants.

inconsistent with respect to a material fact. Second, they argue that the lower court improperly awarded attorneys' fees, costs, and interest to Landlord in a *nunc pro tunc* order insofar as the court's failure to initially award these items did not constitute a clerical error or omission that could be remedied by a *nunc pro tunc* order. We affirm.

## Background

On September 12, 2017, Landlord filed a petition against Tenants, alleging that Landlord and Tenants executed a lease agreement on real property located in Kansas City, Missouri, on March 13, 2006. According to the petition, Tenants vacated the property on December 1, 2010. The petition further alleged that Landlord conducted a walk-through of the property on December 7, 2010, and discovered a variety of needed repairs. Landlord alleged that, in the lease agreement, Tenants agreed to be liable for such repairs. Landlord claimed that Tenants failed to pay as agreed in the lease and that Landlord sent Tenants a demand letter on December 26, 2010. According to Landlord, Tenants failed to make payment following the demand letter, so Landlord filed its petition, seeking damages in the amount of $5,693.52 for the remaining balance owed on the lease; interest in the amount of 9.00% per annum beginning January 21, 2011; reasonable attorneys' fees and costs accrued and that continued to accrue for the suit; unpaid costs and expenses incurred and those that continued to accrue in the collection and enforcement of Landlord's rights under the contract; and post-judgment interest in the amount of 9.00% per annum.[2]

---

[2] Neither Tenant filed an answer to Landlord's petition, but they were not obligated to do so, and their failure to do so did not result in admission of the allegations in Landlord's petition. *See* § 517.031.2 (aside from affirmative defenses, counterclaims and cross-claims, "[n]o other responsive pleading need be filed [pursuant to Chapter 517]. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross[-]claims shall be considered denied . . . ."). All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise noted.

On July 19, 2018, Landlord filed motions for summary judgment against Tenants individually.[3] On August 22, 2018, Tenant Norman filed a response to Landlord's summary judgment motion, along with suggestions in opposition. The same day, the lower court entered judgments against each Tenant individually; the judgments stated, in total:

> Now on this 22[nd] day of August, 2018, the Court takes up Plaintiff's First Motion For Summary Judgment Against [Tenant], filed July 19, 2018. Upon review of the pleadings, record, and relevant law, Judgment is GRANTED in favor of Plaintiff in the amount of $5,693.52, plus interest at the statutory rate of 9% per annum pursuant to ***R.S.Mo. Section 408.020***, plus costs.

(Emphasis in original.)

On September 4, 2018, Tenant Norman filed a Motion to Set Aside the Judgment,[4] arguing that the lower court failed to consider her timely filed response to Landlord's motion for summary judgment. The lower court held a hearing on September 12, 2018, after which it denied Tenant Norman's motion.[5]

One week later, Landlord filed a "Motion for Nunc Pro Tunc Amendment of the August 22nd 2018 Judgments," wherein Landlord argued that the judgments were ambiguous with respect to Landlord's request for pre-judgment interest and omitted any ruling on Landlord's request for attorneys' fees. In the motion, Landlord requested that the lower court

amend[] . . . the judgments to reflect the following account:

---

[3] It is unclear why Landlord filed separate summary judgment motions against Norman and Eaton individually, rather than both of them together. Its decision to do so led the lower court to initially issue two judgments—one per defendant—that failed to identify both defendants as jointly and severally liable for the damages awarded. *See* § 431.110 ("All contracts which, by the common law, are joint only, shall be construed to be joint and several."). That said, the lower court subsequently issued a single amended judgment, which is discussed *infra*.

[4] Presumably, this motion was in reference solely to the judgment entered against Norman, though it failed to so specify. Tenant Eaton appeared *pro se* below, though she is now represented by the same counsel as Tenant Norman, who was also Tenant Norman's counsel below.

[5] We have not been provided with any hearing transcripts on appeal.

"Summary Judgment is GRANTED in favor of Plaintiff in the amount of:

| | |
|---|---|
| Principal: | $5,693.52 |
| Interest to August 22, 2018: | $3,887.35 |
| Attorneys' Fees: | $854.02 |
| Court Costs: | $62.50 |
| Certified Mail Fees: | $12.40 |
| Process Service Fees Incurred: | $160.00 |
| TOTAL JUDGMENT: | **$10,669.79**, plus post-judgment interest at the rate of 9.00% per annum, and Court costs incurred hereafter as authorized by law." |

On October 1, 2018, Tenant Norman filed an objection to Landlord's motion, arguing that Landlord's motion was improper insofar as the *nunc pro tunc* procedure is permissible solely to correct clerical errors and not as a vehicle to substantively change a judgment.[6] On October 3, 2018, the lower court entered a single "Order Amending August 22nd 2018 Judgments Nunc Pro Tunc," naming both Tenants as defendants, wherein it repeated verbatim Landlord's requested amendment. Tenants jointly filed a notice of appeal on November 12, 2018.

**Jurisdiction**

Before addressing the merits of Tenants' appeal, we must first address Landlord's contention that we lack appellate jurisdiction. After Tenants filed their brief on appeal, Landlord filed a motion to dismiss the appeal, arguing that we lack appellate jurisdiction because Tenants' notice of appeal was untimely. We disagree.

"Timely filing of a notice of appeal is jurisdictional." *Spicer v. Donald N. Spicer Revocable Living Tr.*, 336 S.W.3d 466, 471 (Mo. banc 2011) (quoting *Berger v. Cameron Mut. Ins. Co.*, 173

---

[6] In the objection, Tenant Norman also argued for the first time that Landlord's summary judgment motion failed to establish Landlord's prima facie case entitling Landlord to judgment as a matter of law insofar as Tenant Norman's responses to Landlord's Request for Admissions, attached to Landlord's summary judgment motion, created a genuine dispute of material fact. Tenant Norman also argued for the first time that Landlord's cause of action was barred by the applicable statute of limitations.

S.W.3d 639, 640 (Mo. banc 2005)). "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." *Id*. (quoting *Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 877 (Mo. App. E.D. 2001)). To be timely filed, a notice of appeal must be filed within ten days of the underlying judgment becoming final. § 512.050.

"Rule 75.01 provides that 'the trial court retains control over judgments during the 30-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgments within that time period.'" *Spicer*, 336 S.W.3d at 468 (quoting Rule 75.01).[7] "After the expiration of the 30 days provided by Rule 75.01, the trial court is divested of jurisdiction, unless a party timely files an authorized after-trial motion." *Id*. at 468-69 (emphasis removed).

The initial judgments were entered on August 22, 2018. These judgments, however, were not final insofar as they failed to dispose of all issues. "A judgment that does not dispose of all of the issues pending in an adjudication is not a final judgment." *State ex rel. Kinder v. Dandurand*, 261 S.W.3d 667, 671 (Mo. App. W.D. 2008). "If a judgment is not final, Rule 75.01 does not apply, and the circuit court retains jurisdiction to enter a final judgment disposing of all remaining issues." *Id*. Here, the initial judgments did not address Landlord's request for attorneys' fees, and "[a]n unresolved claim for attorney's fees can arrest the finality of a judgment" if the request was properly pled in the petition. *Ruby v. Troupe*, 580 S.W.3d 112, 114 (Mo. App. W.D. 2019) (emphasis removed).

"To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief." *Id*. at 115. "Attorney fees are recoverable in two situations: when a statute specifically authorizes recovery and *when the*

---

[7] All rule references are to the Missouri Supreme Court Rules (2018), unless otherwise noted.

*contract provides for attorney fees.*" *Id*. (quoting *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 445 (Mo. banc 2010)) (emphasis added). In its petition, Landlord pleaded that "the Lease provides [Tenants] may be liable for [Landlord's] collection costs and attorneys' fees." The petition also sought reasonable attorneys' fees in the prayer for relief. And Landlord continued to pursue attorneys' fees through its post-trial motion.[8] As such, the issue of attorneys' fees was properly pled and pursued, and required resolution by the lower court before any judgment issued could be deemed final. Because the August 22, 2018 judgments did not address Landlord's request for attorneys' fees, they failed to resolve all issues and therefore could not become final. It was not until the court issued its October 3, 2018 order amending the initial judgments that the court finally resolved all pending issues. As such, only the October 3, 2018 order was capable of becoming a final judgment.

Because no authorized post-disposition motions were filed after this order, per Rule 75.01, the October 3, 2018 order became final 30 days later, or November 2, 2018. Under § 512.050, the notice of appeal was due ten days later, or November 12, 2018, which is the date Tenants filed their notice of appeal. As such, it was timely. Landlord's motion to dismiss the appeal for lack of appellate jurisdiction is denied.

## Analysis

Tenants raise two points on appeal. First, they argue that the lower court erred in granting summary judgment because one of the exhibits attached to one of Landlord's motions exhibited internal inconsistencies with respect to material facts and, therefore, Landlord failed to establish a prima facie case that it was entitled to judgment as a matter of law. Second, they argue that the

---

[8] In *Ruby*, the court determined that, "even if the Rubys adequately pleaded a claim for attorney's fees, they abandoned that claim by failing to request an award of fees either at trial or in a post-trial motion, and by failing to provide the circuit court any factual basis for an award of fees either at or after trial." *Ruby v. Troupe*, 580 S.W.3d 112, 116 (Mo. App. W.D. 2019).

lower court erred in amending the original judgments through an order *nunc pro tunc* because the errors in the original judgments were not merely clerical errors and, therefore, the *nunc pro tunc* procedure was unavailable. For ease of discussion, we address Tenants' second point first.

**I.      The October 3, 2018 order was simply an amended judgment.**

In their second point, Tenants argue that the lower court abused its discretion in entering the October 3, 2018 order purporting to amend the August 22, 2018 judgments *nunc pro tunc*. Tenants claim that the court was actually substantively amending the judgments—an action that is improper under the *nunc pro tunc* procedure. While we agree with Tenants that substantively amending a judgment via *nunc pro tunc* is improper, their challenge to the October 3, 2018 order is misplaced.

"Although Rule 74.06(a) provides that '[c]lerical mistakes in judgments, orders[,] or other parts of the record . . . may be corrected by the court at any time[,]' [i]t is improper to use a [*nunc pro tunc*] order . . . to conform to what the court intended to do but did not do." *Chastain v. Geary*, 539 S.W.3d 841, 846 (Mo. App. W.D. 2017) (internal quotation omitted).

Here, however, the court's October 3, 2018 order appears to have been denominated "*nunc pro tunc*" only because that was how Landlord's motion was styled. That said, Landlord's motion did not invoke Rule 74.06(a) at all; rather, it expressly sought *amendment* of the August 22, 2018 judgments because they either omitted issues or addressed them ambiguously.

"Missouri law requires [this Court] to treat motions based upon the allegations contained in the motion regardless of the motion's style or form." *Ronald K. Barker, PC v. Walkenhorst*, 547 S.W.3d 782, 784 n.2 (Mo. App. W.D. 2018) (quoting *Payne v. Markeson*, 414 S.W.3d 530, 538 (Mo. App. W.D. 2013)). Here, Landlord's motion, though denominated as a request via *nunc pro tunc*, was substantively a post-disposition motion to amend the judgments, as it was "directed

7

towards errors of fact or law" in the original judgments. *Id.* (quoting *State v. Carter*, 202 S.W.3d 700, 705 (Mo. App. W.D. 2006)). "In determining whether a motion is an authorized after-trial motion, Missouri courts have looked not to the nomenclature employed by the parties, but to the actual relief requested in the motion." *Id.* (quoting *Berger*, 173 S.W.3d at 641). Because Landlord was seeking amendment of the judgments to both address unaddressed matters and clarify ambiguous ones, and because Landlord was *not* seeking any correction of clerical errors, Landlord's motion is properly viewed as a motion to amend, despite its erroneous title.[9]

As such, the court's October 3, 2018 order was, in fact, simply an amended judgment.[10] And, as the initial judgments failed to dispose of all issues, they were not final, so the court never lost jurisdiction to alter or amend them.[11] *Kinder*, 261 S.W.3d at 671.

---

[9] Tenants appear to concede as much in their brief when they note, "Fidelity's motion was a distinct attempt to modify the judgment to award attorney's fees and prejudgment interest."

[10] Though we understand Tenants' frustration with the erroneous nomenclature, their argument is a bit perplexing because a determination that the October 3, 2018 order was, in fact, a *nunc pro tunc* judgment would be detrimental to Tenants' appeal insofar as, "unlike an amended judgment under Rule 75.01, a correction by a *nunc pro tunc* judgment does not create a new judgment. Instead, the corrected judgment relates back to the time the original judgment was issued, with nothing changed regarding the time limit for appeals of the original judgment." *McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 663-64 (Mo. banc 2014) (internal citation omitted). Thus, if the October 3, 2018 order was truly a *nunc pro tunc*, rather than amended, judgment, Tenants' notice of appeal would be untimely, and we would have to grant Landlord's motion to dismiss this appeal.

[11] Tenants rely on *McGuire v. Kenoma, LLC*, 447 S.W.3d 659 (Mo. banc 2014), to support their argument that the judgment here was improper. In *McGuire*, the Missouri Supreme Court held, "Nunc pro tunc cannot be used to add anything to the judgment that is not in some way already reflected in the record, even if a judge should have included or intended to include the omission or has a laudatory motive in wanting to amend the judgment." *Id.* at 663. *McGuire*, however, is inapplicable under the facts of this case. In *McGuire*, the trial court had already lost jurisdiction at the time it attempted to enter the *nunc pro tunc* judgment, which was approximately a year and a half after the original judgment was entered, and an entire appellate case had proceeded and concluded in the interim. *Id.* at 662. As the *McGuire* court noted, "Nunc pro tunc emerged as a common law power to allow a court *that has lost jurisdiction* over a case to maintain jurisdiction over its records to correct clerical mistakes in the judgment." *Id.* at 663 (emphasis added). Here, as discussed *supra*, the lower court had not exhausted its jurisdiction because the original judgments were not final. As such, it is factually distinguishable from *McGuire*, and *McGuire* does not aid Tenants' case. While a trial court that has lost jurisdiction cannot use its authority to enter a *nunc pro tunc* judgment to substantively amend its prior judgment, a court that retains jurisdiction over a case does not lose its authority to substantively amend its previous judgment simply by erroneously denominating the amended judgment as *nunc pro tunc*.

Because Tenants' challenge in Point II is directed solely at the purported usage of the *nunc pro tunc* procedure and does not otherwise challenge the substance of the amended judgment, we have nothing further to address.

Point II is denied.

## II.     The lower court properly granted summary judgment.[12]

In their first point, Tenants argue that the lower court erred in granting summary judgment because an inconsistency in one of the exhibits attached to Landlord's motion for summary judgment against Tenant Norman precluded Landlord from establishing its prima facie case demonstrating a right to judgment as a matter of law insofar as the alleged inconsistency created a genuine issue of material fact. Tenants rely on the Eastern District's decision in *Street v. Harris*, 505 S.W.3d 414 (Mo. App. E.D. 2016), to support their claim of error.

In *Street*, summary judgment was granted against the plaintiff on her tort claims against the defendants. *Id*. at 415. In the proceedings below, the defendants filed a motion for summary judgment in accordance with the dictates of Rule 74.04(c)(1), but the plaintiff failed to timely file a response, as required by Rule 74.04(c)(2). *Id*. On appeal, the defendants argued that the plaintiff's failure to respond resulted in all of their alleged uncontroverted material facts being deemed admitted. *Id*. at 416. The plaintiff countered that although she failed to respond as required by Rule 74.04(c)(2) the defendants/movants failed to establish their prima facie case that they were entitled to judgment as a matter of law insofar as there was a material fact dispute evident in the exhibits attached to the defendants' summary judgment motion. *Id*. The Eastern District

---

[12] "Appellate review of summary judgment is *de novo.*" *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 246 (Mo. banc 2019). We review "the record in the light most favorable to the party against whom judgment was entered." *Id.* (quoting *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "The party against whom summary judgment was entered is accorded the benefit of every doubt." *Id*. at 246-47.

9

questioned whether "the failure of [the plaintiff/non-movant] to respond, constituting an admission of [the defendants'/movants'] statement of uncontroverted facts, require[d] [the appellate court] to overlook the inconsistency in the exhibits attached to [the defendants'/movants'] motion." *Id*. The court "conclude[d] the answer is no, because [the movants] bear the initial burden of establishing a right to judgment as a matter of law based on the record before the court." *Id*. The court relied on a variety of statements in the Missouri Supreme Court's opinion in *ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation*, 854 S.W.2d 371 (Mo. banc 1993), to support its holding. *Id*. at 416-17. We believe, however, that *Street* was wrongly decided and is an aberration.[13]

To begin, we acknowledge that *ITT* directly states that "materials submitted by the movant that are, themselves, inconsistent on the material facts defeat the movant's prima facie showing." *ITT*, 854 S.W.2d at 382. But the Court in *ITT* was interpreting a very different version of Rule 74.04 than the one that exists today. At the time *ITT* was handed down, Rule 74.04(c) provided, in relevant part:

> The motion shall state with particularity the grounds therefor and shall be served at least ten days before the time fixed for the hearing. Prior to the day of hearing the adverse party may serve opposing affidavits. The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 74.04(c) (1993). Unlike our current Rule 74.04, the 1993 version did not require a separate statement of uncontroverted material facts. But "[t]he desirability of clearly advising opposing parties and the court of the basis for a motion for summary judgment led our Supreme Court to amend Rule 74.04 in 1994 . . . ." *Osage Water Co. v. City of Osage Beach*, 58 S.W.3d 35, 44 (Mo.

---

[13] Per this court's local Rule 31, "this opinion has been reviewed and approved by order of the court en banc."

10

App. S.D. 2001). The 1994 amendment was meant "to assist the judge in ruling on summary judgment motions by requiring such motions to conform to a specific form that w[ould] reveal the areas of dispute." *Pemiscot Cty. Port Auth. v. Rail Switching Servs., Inc.*, 523 S.W.3d 530, 533 (Mo. App. S.D. 2017) (quoting 16 Mo. Prac. § 74.04:2 (2016 ed.)).

Under our current Rule, the movant must include a statement of uncontroverted material facts that "state[s] with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1). And the non-movant now has the obligation to respond to the movant's motion by "set[ting] forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2). If a non-movant fails to comply with this requirement "with respect to any numbered paragraph in movant's statement," the truth of that numbered paragraph is then deemed admitted. *Id*. Under this format of numbered paragraphs and responses, "[f]acts come into a summary judgment record *one and only one way*—as separately[]numbered paragraphs and responses per Rule 74.04(c)." *Pemiscot Cty. Port Auth.*, 523 S.W.3d at 534 (emphasis in original). "[T]he right to summary judgment boils down to *certain* facts, established per Rule 74.04(c) that legally guarantee one party's victory *regardless of other facts or factual disputes*." *Id*. at 533 (emphasis in original).

At the time *ITT* was decided, Rule 74.04 required a trial court to review "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there was a "genuine issue as to any material fact." Rule 74.04(c) (1993). Now, however, the trial court's review is limited to only "the motion, the response, the reply and the sur-reply." Rule 74.04(c)(6). The trial court is no longer required to pore through the record

11

to determine if the movant made a prima facie case because, under the current version of the Rule, the burden is now placed upon the parties to identify the true issues in dispute. Movant's motion must direct the court to the alleged undisputed material facts. "In determining whether the motion makes [] a prima facie showing, the trial court should consider whether the movant's specifically referenced evidentiary support actually supports the existence of each particular stated material fact giving rise to the movant's right to judgment." *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 833 n.6 (Mo. App. S.D. 2016). If the stated material facts, supported by specifically referenced evidence, are sufficient to support the grant of summary judgment as a matter of law, the burden shifts to the non-movant. And "[f]or each material fact the non-movant claims is genuinely disputed and therefore defeats the movant's prima facie showing of a right to judgment, the non-movant must direct the trial court to a particular numbered paragraph in movant's statement of uncontroverted material facts that is denied in the non-movant's response" and support any denial with specifically referenced evidence. *Id.* at 833-34.[14] The non-movant's failure to satisfy this burden results in the movant's alleged facts being deemed admitted.

In light of the 1994 (and later) amendments to Rule 74.04, the *ITT* Court's emphasis on the importance of the materials attached to a summary judgment motion, as opposed to the statement of uncontroverted material facts supported by specifically referenced evidence, for determining whether a movant made a prima facie case is no longer applicable. And *Street*'s reliance on *ITT*'s outdated language is misplaced. "[T]he principles used for the interpretation of rules are the same as those used for statutory interpretation." *Williams v. Mercy Clinic Springfield Communities*, 568 S.W.3d 396, 411 (Mo. banc 2019). And, "[w]hen considering statutory amendments, the court

---

[14] The non-movant may also set forth additional material facts, supported by specifically referenced evidence, that remain in dispute and defeat the movant's prima facie case. *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 833 (Mo. App. S.D. 2016).

presumes that the legislature intended to accomplish some purpose." *State v. Starkey*, 380 S.W.3d 636, 643-44 (Mo. App. E.D. 2012). Continued reliance on the language from *ITT* that suggests a court must pore through the entire record to rule on, or review the ruling on, a motion for summary judgment ignores the purpose of the post-*ITT* amendments to Rule 74.04. As such, we believe *Street* was wrongly decided.[15]

We also believe *Street* is an aberration, as cases from the Eastern District both before and after *Street* emphasize that the scope of review at both the trial and appellate levels is limited to the record developed through the procedural requirements of Rule 74.04(c), i.e., the motion and response. *See, e.g., Holzhausen v. Bi-State Dev. Agency*, 414 S.W.3d 488, 494 (Mo. App. E.D. 2013) ("A trial court grants or denies motions for summary judgment on the basis of what is contained in the motion for summary judgment and the responses thereto. . . . On appeal, our review is confined to the same facts and does not extend to the entire record before the trial court. . . . We will not consider 'facts' that are not set out as 'facts in dispute.'"); *Ackman v. Union*

---

[15] In addition to the changes in Rule 74.04 since *ITT*, there are other considerations at play that suggest *Street*'s holding is erroneous. To begin, requiring either the trial or reviewing court to examine the entire record, rather than just those facts identified in the motion and response, could easily place the court in the position of an advocate insofar as the court would have to identify not only the material facts but also those that are subject to genuine dispute. "Such actions are the essence of advocacy and would thrust th[e] court into the prohibited role of an advocate . . . ." *Great S. Bank*, 497 S.W.3d at 836.

> Courts cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates. Rule 74.04(c) aims at benefiting trial and appellate courts to expedite the disposition of cases; noncompliance with these requirements is not a matter subject to waiver by a party.

*Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 62 (Mo. App. S.D. 2016) (citations and internal quotation marks omitted).

Furthermore, allowing a non-movant to argue for the first time on appeal that the movant failed to make a prima facie case on the basis of disputed material facts that were not identified for the trial court is directly at odds with the rules that "[p]arties are bound by the position they took in the trial court and will not be heard on a different theory on appeal," and that "[w]e will not 'convict a trial court of error on an issue that was not put before the trial court to decide.'" *Loutzenhiser v. Best*, 565 S.W.3d 723, 730 (Mo. App. W.D. 2018) (quoting *Barner v. Mo. Gaming Comm'n*, 48 S.W.3d 46, 50 (Mo. App. W.D. 2001)).

*Pac. R.R. Co.*, 556 S.W.3d 80, 87 (Mo. App. E.D. 2018), *transfer denied* (Sept. 25, 2018) (In reviewing the grant of summary judgment to employer on employee's claim of work-related injury, the appellate court refused to consider portions of employee's medical records attached to a motion for summary judgment where the employee/non-movant had not relied on those portions of the medical records in opposing the grant of summary judgment and had admitted in his summary judgment response that the medical records did not link his injury to his work.).[16] Consequently, *Street* does not aid Tenants' claim.

Further, Tenants' entire argument on this point consists of the following assertions:

> In this case before the court, the circuit court granted Fidelity's summary judgment as to Norman even though the materials submitted by Fidelity created a genuine dispute. Fidelity submitted Norman's answers to Fidelity's Request for Admissions. In denying the request for admissions, Norman stated factual reasons for the denials which contradicts Fidelity's contention that Norman owes rent, cost of property damage, and attorney's fees. Because the document submitted by Fidelity are inconsistent with Fidelity's Uncontroverted Material Facts, summary judgment was inappropriate.

Nowhere in Tenants' brief do they identify the specific requests and responses that allegedly create the genuine dispute of material fact. "Arguments, such as this, that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this court to properly apply Rule 74.04." *Great S. Bank*, 497 S.W.3d at 835.

There is one other issue we must address. Here, unlike the appellant in *Street*, Tenant Norman timely filed a response to Landlord's summary judgment motion, but the lower court does not appear to have considered it, as the August 22, 2018 judgments were entered earlier in the day than the response was filed. Below, Landlord argued that the response was untimely. Though Tenants have not challenged the lower court's failure to consider their response below, "our

---

[16] Transfer was not sought in *Street*.

*de novo* decision on appeal must be in accordance with *all* the requirements of Rule 74.04 and, therefore, must be made in the very same manner the trial court *should have* applied that rule in the first instance." *Great S. Bank*, 497 S.W.3d at 836 (emphasis added).

Rule 74.04(c)(2) provides, "Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties." Here, Landlord's motions were filed on July 19, 2018. Tenant Norman's response was filed on August 22, 2018. Though August 22, 2018, is more than thirty days after July 19, 2018, Rule 44.01(e) provides that, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period." Landlord's motion indicates that it was served by mail; therefore, Tenants had thirty-three days in which to file a timely response. August 22, 2018, was the thirty-third day after July 19, 2018; thus, Tenant Norman's response was timely and should have been considered by the lower court before it rendered judgment. Ordinarily, "where . . . the trial court fails to allow the non-movant the allotted [time] within which to respond, as mandated by Rule 74.04(c)(2), the non-movant's right to due process is violated such that the trial court's grant of summary judgment cannot stand on appeal." *Lawrey v. Reliance Ins. Co.*, 26 S.W.3d 857, 863 (Mo. App. W.D. 2000). That said, however, "we are to affirm the grant of summary judgment under any theory supported by the summary judgment record." *Id.* And, here, because Tenant Norman's response failed to establish any genuine issue of material fact, even if the court had properly considered the response, it would not have precluded entry of summary judgment in favor of Landlord.

In her response, Tenant Norman complied with Rule 74.04(c)(2) insofar as she responded to each numbered paragraph set forth in Landlord's statement of uncontroverted material facts by

either admitting or denying the alleged fact. But mere denials are insufficient; "the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2). "[I]f evidence is cited to support a denial, but that evidence does not expressly support a denial, we deem the statement admitted." *Holzhausen*, 414 S.W.3d at 493.

There were eighteen asserted material facts in Landlord's motion. Tenant Norman expressly admitted five of them. As for the remaining thirteen asserted facts, which Tenant Norman denied, she included a direct denial of each fact, followed by this remark:

> The Affidavit of Susan L. Mindham, is specious,[17] she has no first-hand knowledge, personal knowledge of the contract of March 13, 2006, how events were recorded at that time, and the business routine of Fidelity in 2006 because she did not become a "corporate officer" until July, 2018, **Exhibit C**, Corporate Filings.

According to Tenant Norman's response, Exhibit C consisted of "Corporate Filings." Exhibit C, however, was actually Tenant Norman's affidavit. As such, it did not support the assertion made with respect to Mindham. Exhibits A and B, also attached to Tenant Norman's response, do appear to consist of corporate records and facially appear to support Tenant Norman's assertion that Mindham became a corporate officer in July 2018.[18] The remainder of Tenant Norman's allegation, however, is not supported by any exhibit and consists of argument, rather than fact. "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible, but contradictory, accounts of the essential facts and the 'genuine issue' is real, not merely argumentative, imaginary, or frivolous." *Hibbs v. Berger*, 430 S.W.3d 296, 305 (Mo. App. E.D. 2014) (quoting *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818 (Mo. banc 2007)).

---

[17] Susan Mindham signed an affidavit in support of Landlord's motion for summary judgment, as a corporate officer of Landlord, and the affidavit was attached to Landlord's motion as Exhibit 2.

[18] There is a corporate officer identified before 2018 by the name of Susan L. Preator-Smith. It is unknown from this record if Preator-Smith and Mindham are one-and-the-same person or two different people.

16

Furthermore, where a denial fails to address the substance of an alleged uncontroverted material fact, it is an ineffective denial that cannot serve to defeat summary judgment. *Davis v. Walgreen Co.*, 581 S.W.3d 619 (Mo. App. W.D. 2019), *transfer denied* (Sept. 3, 2019). In short, none of Tenant Norman's denials were effective denials under Rule 74.04(c)(2). As such, even if the court had properly considered her response, the response would not have precluded the grant of summary judgment in favor of Landlord.

Because Tenants have not shown that summary judgment was improperly granted in favor of Landlord, Point I is denied.

## Conclusion

The lower court did not err in granting summary judgment in favor of Landlord, nor did it commit reversible error in amending the August 22, 2018 judgments to include interest, costs, and attorneys' fees. Its judgment is affirmed.

Karen King Mitchell, Chief Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.

17